UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAC PRODUCTS, INC.,

    Plaintiff,

vs.

YAKIMA PRODUCTS, INC.,

    Defendant.

Case No.:  21-cv-10633-TGB-CI
Hon. Terrence G. Berg
Hon Magistrate Curtis Ivy, Jr.

## STIPULATED PROTECTIVE ORDER

    Plaintiff JAC Products, Inc. and Defendant Yakima Products, Inc., (each individually a "Party" and together the "Parties"), believe that certain information that is or will be encompassed by discovery requests by the Parties might require the production or disclosure of trade secrets, confidential business information, or other proprietary information.

    It is thus stipulated among the Parties and ORDERED that:

    1.    Each Party may, if it determines in good faith, designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential and/or proprietary information, research, development, financial and/or competitive information, and/or trade secrets of the Party or a third party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a "CONFIDENTIAL" legend or stamp on such document, information, or material. The legend or stamp shall be placed clearly on each page of the Protected Material or, if the production does not allow for such designation, by designating the production as Confidential in correspondence accompanying production of such Protected Material (except deposition and hearing transcripts) for which such protection is sought.

2. With respect to deposition and/or hearing transcripts, the Party seeking to designate a transcript as confidential shall on the record at the deposition or hearing, or within thirty days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" pursuant to this Order. For deposition and hearing transcripts, the legend or stamp shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as CONFIDENTIAL.

3. With respect to documents, information, or material designated CONFIDENTIAL (collectively, "Designated Material"), subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all

documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Material and treated as such under this Order.

4. A designation of Protected Material as Confidential may be made at any time. The inadvertent or unintentional disclosure of Protected Material that has not been designated as Designated Material shall not be deemed a waiver in whole or in part of a Party's claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy or return, at the designating Party's option, all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon. If discovery material has been disclosed and is subsequently designated as "CONFIDENTIAL," the disclosing Party shall make good faith efforts

to preserve the confidential nature of such material and to obtain compliance with this Order from any person to whom such Protected Material was disclosed.

5.  Unless otherwise agreed to in writing by both Parties or upon order of the Court, CONFIDENTIAL documents, information, and material may be disclosed only to the following persons:

    a.  Counsel for the Parties;

    b.  Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this action;

    c.  In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting outside counsel in the litigation of this action;

    d.  Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this matter. Access to confidential material shall be limited to what is reasonably required in the role of expert, consultant, and investigator. Such persons must agree in writing to be bound by the terms of this order;

    e.  Independent litigation support services, including persons

working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

      f.     Witnesses in connection with the action;

      g.     The Court and its personnel; and

      h.     Any other person with the written consent of the Parties.

6. Each person other than counsel (and the partners, associates and employees of such counsel to the extent reasonably necessary to render professional services in the litigation), in-house counsel, Court personnel (including stenographers), commercial photocopying firms, litigation support firms, deposition witnesses, and witnesses anticipated to testify at either hearings or trial to whom disclosure of Designated Material is to be made shall be provided with a copy of this Order and will be required as a condition precedent to disclosure to sign a confidentiality agreement in the form attached as "Exhibit A."

7. Documents, information, or material produced pursuant to any discovery request in this action including, but not limited to, Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this action and shall not be used for any other purpose. Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order

shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Material and shall be subject to all of the terms and conditions of this Order.

8. There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

9. Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (a) eligible to have access to the Designated Material by virtue of his or her employment with the designating party; (b) identified in the Designated Material as an author, addressee, or copy recipient of such information; (c) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material; (d) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (e) counsel for a

Party; (f) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (g) court reporters and videographers; (h) the Court; or (i) other persons entitled hereunder to access Designated Material. Designated Material shall not be shown, disseminated, copied, disclosed, or in any way communicated to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. To the extent Designated Material is to be filed on the record due to its use in court under this paragraph, the parties shall use all reasonable efforts to redact the Designated Material before it is publically filed or to otherwise have the Designated Material filed under seal.

10. Parties may, at the deposition or hearing or within thirty days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as CONFIDENTIAL pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, or unless designated earlier, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL. The Parties, through their counsel, shall make a good faith effort to limit any designation of transcripts as CONFIDENTIAL to only those portions of the transcript that contain information falling within the designation categories as described above in paragraph 6.

11. Materials marked CONFIDENTIAL pursuant to this Stipulated

Protective Order or that contain information that has been derived from materials marked CONFIDENTIAL shall be filed under seal in accordance with the Procedure for Moving to File Under Seal, outlined in Local Rule 5.3(b)(3), and the Discovery Practice Guidelines for the Hon. Terrance G. Berg. If a filing containing CONFIDENTIAL material must be made before a Motion to File Under Seal can be filed and/or is ruled on by the Court, then the filing may have redactions in accordance with the requirements outlined in Local Rule 5.3(b)(3)(A)(v).

12. Nothing in this Order shall be deemed to prevent the Parties from disclosing or using, in any manner, any Designated Material at the trial of this action, subject to any trial order issued by this Court.

13. A Party may request, in writing to the other Party, that the designation given to any Designated Material be modified or withdrawn. The Parties must confer in good faith in an attempt to reach an agreement regarding the status of the re-designation. However, if the designating Party does not agree to re-designation within ten days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local

Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

14. A nonparty that produces documents or other information in this matter pursuant to a subpoena may produce said documents or other information according to the provisions set forth herein. Any Party may also designate such documents or other information produced by a nonparty as CONFIDENTIAL.

15. Within sixty days of final termination of this action, including any appeals and time for appeals, all Designated Material and copies thereof shall be returned to the producing Party or be destroyed, at the producing Party's option. The receiving Party shall verify the return or destruction by declaration furnished to the producing Party upon the producing Party's request. In addition, for archival purposes, outside counsel for each Party may retain pleadings and other papers filed with the Court, attorney and consultant work product, excerpts or extracts of Designated Material incorporated into work product, deposition transcripts and exhibits, and materials which have been admitted into evidence in this litigation. To the extent the provisions of this Order and any other protective orders entered in this action restrict the communication and use of Designated Material, such orders shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and a Party may seek the written permission of the producing

Party or order of the Court with respect to dissolution or modification of such protective orders.

16. Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

17. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this action and (b) to apply for additional protection of Designated Material.

18. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on Designated Material.

19. Nothing in this Order shall restrict a Party's use and disclosure of its own materials and information, nor create any obligation for a Party to share or disclose any materials or information whether privileged or not.

20. This Order shall not he deemed a waiver of: (a) any Party's right to object to any discovery request on any ground; or (b) any Party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground.

21. This Stipulated Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

Date: November 17, 2021  /s/Terrence G. Berg
Hon. Terrence G. Berg
U.S. District Court Judge

The undersigned stipulate to the form, substance, and entry of the above order.

Dated:  November 11, 2021  By: */s/Rebecca El Badaoui (w/ permission)*
Joseph J. Shannon (P38041)
Rebecca El Badaoui (P84488)
Bodman PLC
1901 St. Antoine St.
6th Floor at Ford Field
Detroit, Michigan 48226
*Attorneys for Plaintiff*

Dated:  November 11, 2021  By: */s/Adam T. Ratliff*
Adam T. Ratliff (P79892)
Warner Norcross + Judd LLP
2715 Woodward Avenue, Suite 300
Detroit, Michigan 48201
*Attorneys for Defendant*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAC PRODUCTS, INC.,

    Plaintiff,

vs.

YAKIMA PRODUCTS, INC.,

    Defendant.

Case No.:  21-cv-10633-TGB-CI
Hon. Terrence G. Berg
Hon Magistrate Curtis Ivy, Jr.

---

# **CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

1. My address is _____.

2. My current employer is _____.

3. My current occupation is _____.

4. The address of my current employer is _____.

5. I have received a copy of the Stipulated Protective Order in this action.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and will comply with all of its provisions.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL that is disclosed to me.

8. Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL that came into my possession, including all documents and things that I have prepared relating thereto, to counsel for one of the Parties.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____